No. 47,814

GENIVIEVE PATTE (formerly GENIVIEVE HILL), d/b/a LUXURY MOTOR
CRUISERS, *Appellee,* v. KENT A. KOTTWITZ, *Appellant.*

(548 P. 2d 480)

Opinion filed April 10, 1976.

*Robin L. Wick,* of Turner and Hensley Chartered, of Great Bend, argued the
cause, and *Lee Turner* and *Raymond L. Dahlberg,* of the same firm, were with
him on the brief for the appellant.

*M. John Carpenter,* of Great Bend, argued the cause, and *Robert E. South-
ern,* also of Great Bend, was with him on the brief for the appellee.

*Per Curiam:* This is an action by the plaintiff, Genivieve Patte, to
recover damages for loss of use of a mobile motor home which she
had leased to a Mr. Carrington. The accident occurred when the
defendant Kottwitz made a left-hand turn in front of the motor
home, being driven by Mr. Carrington. Three members of the Car-
rington family were injured and Mrs. Patte's vehicle was badly
damaged.

Actions were filed by the injured persons to recover for their
injuries and Mrs. Patte joined in the litigation seeking to recover
for the loss of use of her vehicle. Verdicts were returned in favor
of the plaintiffs Carrington in varying amounts, and Mrs. Patte was
awarded the sum of $1285 on her claim against Mr. Kottwitz.

So far as the record reveals, the defendant has appealed only from
the judgment in favor of Mrs. Patte. The burden of defendant's
complaint is two-fold, (1) the giving of instruction No. 20 and (2)
the trial court's failure to give the following requested instruction:

". . . [U]nder the laws of the State of Kansas when a vehicle cannot be
economically restored to its former condition the plaintiff may be awarded
damages for loss of use if and only if you find the vehicle could not be
readily replaced. The plaintiff is not entitled to damages for loss of use
occasioned by her unreasonable delay in securing a replacement vehicle.
. . ."

Mr. Kottwitz asserts he was entitled to this instruction because
15 weeks had elapsed between the date of the accident and the date
on which Mrs. Patte obtained a replacement vehicle.

Before proceeding to the merits of defendant's position we are
met by a motion to dismiss his appeal because of a failure on his

part to observe certain rules pertaining to preparation of appellate records. The motion to dismiss was overruled by this court with leave to renew at the time of oral argument and both parties have briefed and argued the matter. The following violations of the rules may be noted:

(1) The record contains no copy either of Mrs. Patte's petition or of Mr. Kottwitz's answer as required by Supreme Court rule 6 (g) (214 Kan. xxiv), which recites in pertinent part:

". . . The reproduced record . . . shall always include, whether or not designated, copies of the following: the material pleadings without unnecessary duplication . . ."

(2) The only instruction designated for inclusion in the record is No. 20. This instruction is incorrectly reproduced, for commingled therewith is instruction 24, providing, in effect, that any damages which might be awarded to Mrs. Patte should not include any loss which she could have prevented by reasonable care and diligence.

(3) K. S. A. 60-251 (a) provides that parties may file written requests for instructions and apparently such a request was filed. However, the written request is not reproduced in the record.

(4) Instruction No. 20, the sole instruction designated for reproduction in the record, relates only to damages allowable to the Carringtons. In *Parnell v. Security Elevator Co.*, 174 Kan. 643, 650, 651, 258 P. 2d 288, the court said:

". . . Where a party expects to argue that the trial court erred in not giving requested instructions he must bring up *all* the instructions given. . . ." (Emphasis supplied.)

See, also, *Avery v. City of Lyons*, 183 Kan. 611, 331 P. 2d 906, to like effect.

Similarly, this court has ruled that whether the trial court erred in giving an instruction over objection is not reviewable unless all the instructions given are made part of the record, except where the challenged instruction is a clear and prejudicial misstatement of the law. (*Robles v. Central Surety & Insurance Corporation*, 188 Kan. 506, 363 P. 2d 427.) We cannot say in this case that instruction 20 falls within the exception.

In view of what is said above the appeal is dismissed.